UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 11, 2020

LETTER TO COUNSEL

    RE:    *Aimy S. v. Saul*[1]
             Civil No. DLB-18-1821

Dear Counsel:

    Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF No. 23. In response, the Commissioner asked the Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. ECF No. 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED IN PART.

    On June 19, 2019, this Court awarded Mr. Murahari $4,500.00 for 22.50 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 22. Plaintiff subsequently received an Award Notice, in which she was awarded $101,855.00 in past-due benefits, ECF No. 23-2 at 2, and $50,919.00 in auxiliary past-due benefits, ECF No. 23-3 at 1. On July 17, 2020, Mr. Murahari filed a petition seeking $38,193.50 in attorney's fees. ECF No. 23. Mr. Murahari has agreed to reimburse plaintiff for EAJA fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

    The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration ("Commissioner"). On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

*Aimy S. v. Saul*
Civil No. DLB-18-1821
September 11, 2020
Page 2

contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. ECF No. 20-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting 22.50 chargeable hours he worked on plaintiff's case before this Court. *See* ECF No. 20-7 (listing a total of 25.10 hours, 2.60 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court effectively will total $1,697.49 per hour. Mr. Murahari must therefore show that an effective rate of $1,697.49 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Murahari's typical hourly billing rate is $350.00. ECF No. 20-6 ¶ 6. This is the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Although it is customary in Social Security cases for courts to approve effective rates that are significantly higher than typical hourly billing rates, Mr. Murahari's requested effective hourly rate of $1,697.49 is over four times his typical hourly rate and exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. *See, e.g.*, *Christina M. v. Saul*, No. CBD-17-2540, 2020 WL 886168, at 2 (D. Md. Feb. 24, 2020) (approving contingency fee agreement with effective hourly rate of $1,000.00); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with effective hourly rate of $1,028.14); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with effective hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12). Hourly rates exceeding $1,000.00 are the exception, not the rule. The Court acknowledges Mr. Murahari's effective performance and the substantial past-due benefit award to his client but finds that his request for $38,193.50 in fees for 22.50 hours of work would result in a windfall. Instead, the Court determines that an award of $25,875.00, amounting to an effective hourly rate of $1,150.00—more than triple the top hourly rate for an attorney of Mr. Murahari's experience—would adequately compensate Mr. Murahari for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2018). Currently, Mr. Murahari has just over nine years of experience, ECF No. 20-6 ¶ 5, and the presumptively reasonable hourly rate for attorneys admitted to the bar for nine to fourteen years is $225.00 and $350.00, Loc. R. App. B (D. Md. 2018).

For the reasons set forth herein, this Court GRANTS IN PART Mr. Murahari's motion seeking attorney's fees, ECF No. 23.  This Court will award Mr. Murahari attorney's fees totaling $25,875.00.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

                Sincerely yours,

                /s/

                Deborah L. Boardman
                United States Magistrate Judge